**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**GREGORY J. LOFF and MYRON A. CAVES, and DONAVAN ELLWANGER, individually and on behalf of others similarly situated, as a class action,**

Plaintiffs,

v.

**AMERICAN ARMS, INC., a Missouri corporation, BETTINSOLI TARCISIO & C.S.N.C., a foreign corporation, and GHASSAN BADER,**

Defendants.

Civil No. 00-1139 (MJD/JGL)

**ORDER**

---

APPEARANCES

Piper L. Kenney, Esq., for Plaintiffs.

John F. Angell, Esq., for Defendant American Arms, Inc.

Austin D. Ditzler, Esq., for Defendant Bettinsoli Tarcisio & C.S.N.C.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on August 7, 2001 on Plaintiffs' Motion to Compel Discovery (Doc. No. 43). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED AUG 07 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

At the motion hearing, the parties agreed that Plaintiffs' motion as directed to Defendant American Arms was moot. Thus, this Order addresses Plaintiffs' motion only with respect to Defendant Bettinsoli Tarcisio & C.S.N.C. ("Bettinsoli").

Prior to this case's removal to federal court, a state court ordered Defendant Bettinsoli to produce certain documents and materials. Plaintiffs now contend that Bettinsoli has not complied with that order. The discovery issues currently in dispute pertain to proof-testing reports and tests related to the shotguns at issue in this litigation; test results and materials relied on by expert witnesses; incident reports, returned guns, receipts, or invoices of Bettinsoli shotguns; financial documents; and artifacts related to tests conducted by Bettinsoli's experts including exploded shotguns and spent shells. In addition, Plaintiffs assert that Bettinsoli has not responded to their demand for supplementation of discovery served on January 25, 2001. Finally, Plaintiffs ask this Court to award them attorneys' fees and expenses incurred in conjunction with bringing this motion.

**Plaintiffs' Specific Discovery Requests**

In accordance with 28 U.S.C. § 1450, which provides that orders entered prior to a case's removal "shall remain in full force and effect until dissolved or modified by the district court," this Court orders the following. Concerning proof-testing reports and tests related to the shotguns,

to the extent it has not already produced this information, Defendant Bettinsoli is ordered to produce such material which is in its possession or confirm in writing that it has no additional reports or results. Similarly, to the extent it has not already done so, Bettinsoli must produce any test results or materials on which its expert witnesses relied or confirm in writing that no results or materials exist. With respect to incident reports, returned guns, receipts, or invoices of Bettinsoli shotguns, the Court finds that Plaintiffs are entitled to this information and to know which items Bettinsoli had in its files. Thus, Bettinsoli must produce the requested material in its possession, to the extent it has not previously done so, without regard to whether the material was produced by Defendant American Arms.

As to financial documents, the Court finds that the state court's order inherently was directed to American Arms. Plaintiffs' memorandum in support of their state court motion to compel specifically referred to a discovery request directed only to American Arms. Thus, the state court's subsequent order was accordingly limited. Furthermore, Plaintiffs have not presented to this Court a discovery request asking for financial documents from Defendant Bettinsoli, nor have Plaintiffs made a showing to this Court that Bettinsoli's financial documents are relevant to the litigation. The motion is consequently denied in this respect.

Bettinsoli must produce artifacts related to tests conducted by its experts, including exploded shotguns and spent shells, if the artifacts exist and are in Bettinsoli's possession. As to the exploded guns which are in the possession of the Italian agency, Bettinsoli has agreed to provide this material within sixty days of the date of this Order.

At the motion hearing, the parties raised various other issues which were not specifically addressed in the moving papers. After hearing oral argument, the Court orders the following. Plaintiffs are entitled to see the "recipe" that is in the possession of the Banco Nazionale di Prova, an Italian agency. However, Bettinsoli represented that it does not have the recipe, and that Plaintiffs may request this information, which is a matter of public record, directly from the agency. Given these representations, the Court finds that Bettinsoli need not produce the recipe, but must provide a waiver if required by the agency. Finally, Bettinsoli must produce all documents and correspondence in its possession which are relevant to this litigation, even if already provided to Plaintiffs by American Arms.

**Plaintiffs' Request for Supplementation of Discovery**

Federal Rule of Civil Procedure 26(e) requires a party to supplement its discovery responses if it learns that its disclosures are incomplete or incorrect. Accordingly, Bettinsoli must supplement its responses

as required, and any failure to supplement will be construed as a verification that its previous responses are complete, accurate, and up-to-date.

**Plaintiffs' Request for Attorneys' Fees and Expenses**

Plaintiffs have not persuaded the Court that an award of fees and expenses is appropriate. The request for sanctions is therefore denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery (Doc. No. 43) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order.

Dated: August ______, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge