**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Gregory J. Loff, Myron A. Caves, and Don Ellwanger, individually and on behalf of others similarly situated, as a class action,

Civil File No. 00-1139 (MJD/JGL)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

American Arms, Incorporated, a Missouri Corporation, and Bettinsoli Tarcisio & C.S.N.C., A foreign corporation, and Ghassan Bader, an individual,

Defendants.

---

This matter is before the Court on (1) Plaintiffs' Motion to Remand; (2) Defendants' Motion for Class Decertification; and (3) Defendants' Motion to Dismiss. For the reasons that follow, the Court grants Plaintiffs' Motion to Remand and denies as moot Defendants' motions.

## BACKGROUND

Plaintiffs filed the underlying suit in Washington County District Court against Defendants, alleging ten counts under state law in connection with the manufacture and sale of defective guns. Plaintiff also alleges one count arising under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, a federal statute requiring minimum standards for consumer product warranties. On May 5, 2000, Defendants removed this action to federal

FILED JAN 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

court on the basis of federal question and diversity of citizenship. Thereafter, Plaintiffs moved to remand.

**DISCUSSION**

Generally, cases are removable from state to federal court when federal question or diversity of citizenship exists. 28 U.S.C. § 1441. With respect to diversity of citizenship, Defendants do not dispute Plaintiffs' argument that the complaint does not and cannot allege costs exceeding $75,000 per Plaintiff. Accordingly, the Court does not have jurisdiction based on diversity of citizenship, and must determine whether it may exercise jurisdiction based on a federal question.

In the complaint, Plaintiffs have alleged one count under the Magnuson-Moss Act. As courts have noted, however, Congress specified "strict jurisdictional requirements" for the Magnuson-Moss Act "in an attempt to channel most of the Act's litigation into State courts." Walsh v. Ford Motor Co., 588 F. Supp. 1513, 1521 (D.D.C. 1984); see also Stuessy v. Microsoft Corp., 837 F. Supp. 690, 691 (E.D. Penn. 1993); Barr v. Gen. Motors Corp., 80 F.R.D. 136, 138-39 (S.D. Ohio 1978). One jurisdictional provision of the Magnuson-Moss Act requires that the number of plaintiffs actually named in the complaint equal or exceed one hundred in order for a federal court to have jurisdiction over a Magnuson-Moss Act claim. 15 U.S.C. § 2310(d)(3)(C). The complaint in this case does not meet this requirement, as only three Plaintiffs are named. That Plaintiffs have identified over 100 potential class members is irrelevant to this analysis, as the jurisdictional language of the

Magnuson-Moss Act is unequivocal. Id.; see also Barr, 80 F.R.D. at 138-39. Accordingly, this count could not have been brought originally in federal court on the basis of federal question jurisdiction. Furthermore, the Court cannot exercise supplemental jurisdiction over the remaining claims, and Defendants' motion to amend defects in their allegations of jurisdiction is moot.

Finally, Plaintiffs seek "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," as provided for in 28 U.S.C. § 1447(c). The Court requires an affidavit itemizing such costs and expenses before it will entertain that request.

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Remand (Clerk Doc. Nos. 42 & 46) is **GRANTED**;
2. Defendants' Motion to Amend Notice of Removal (Clerk Doc. No. 49) is **DENIED AS MOOT**;
3. This matter is **REMANDED** to Washington County District Court, Tenth Judicial District;
4. Defendants' Motion for Class Decertification (Clerk Doc. No. 30) is **DENIED AS MOOT**; and

5. Defendants' Motion to Dismiss (Clerk Doc. Nos. 29 & 30) is **DENIED AS MOOT**.

Dated: JAN 4, 2001

Michael J. Davis
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd